KLEEVER, APPELLANT, v. TAYLOR ET AL., APPELLEES.

(No. 9025—Decided December 26, 1961.)

Mr. Fred L. Hoffman, for appellant.
Mr. Ben Turpen, for appellees.

LONG, P. J. This is an appeal on questions of law from a judgment of the Common Pleas Court affirming a judgment of the Municipal Court of Cincinnati. In the Municipal Court, the case was tried to the court without the intervention of a jury.

The facts as far as our decision is concerned, briefly stated, are that the parties were closing a real estate transaction and, to make up the balance of the consideration, the defendant gave

plaintiff a note for $406.50. It is claimed that the giving of the note was a mistake; that the entire contract price was paid without the inclusion of the note. This result is asserted notwithstanding the fact that the transaction was closed in the office of a Building Association under the supervision of its attorney; also, it appears that the defendant paid $75.00 on the note.

In short, the defendant makes the defense of "want of consideration" on the note. The trial court reached the conclusion that there was a failure of proof on the part of the plaintiff and held, among other things, as follows: "Since lack of consideration was raised by the defendant, the *burden of proof* is upon plaintiff to show consideration." This is not the law. In the case of *Lucas* v. *Rosenacker*, 106 Ohio App., 116, this court asserted the weight of authority as follows, in paragraph one of the syllabus:

"Section 1301.30, Revised Code, places the burden of proving the defense of want of consideration on the maker of a check."

Of course, the same rule applies to the maker of a note, as in the case at bar.

Since the trial court arrived at the erroneous conclusion that failure of proof on the part of plaintiff was determinative of the issues, it is obvious that it never reached a consideration of defendant's evidence of want of consideration.

It is our opinion that the sole issue in the case is, upon whose shoulders rests the burden of proving want of consideration. Section 1301.30, Revised Code, provides: "Absence or failure of consideration is matter of defense as against any person not a holder in due course * * *." As the court stated in its opinion in the case of *Lucas* v. *Rosenacker, supra* (106 Ohio App., 116), at page 118 of the opinion, want of consideration is an affirmative defense, and the determination of whether there is substantial evidence in support of such defense, in the first instance, is the responsibility of the trial court. It is our opinion that the trial court failed in this respect. The judgment is hereby reversed and a new trial is ordered.

*Judgment reversed.*

HILDEBRANT and KEEFE, JJ., concur,